**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LIANNE LIEBOWITZ, | |
| Plaintiff, | |
| v. | Case No. 3:26-cv-00547-KAD |
| COLLIERS INTERNATIONAL USA, LLC, and KRISTIN LEWIS, | Date: June 9, 2026 |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION**
**TO DISMISS COUNTS I AND III OF PLAINTIFF'S COMPLAINT**

Colliers International USA, LLC ("Colliers") and Kristin Lewis ("Lewis") (collectively "Defendants") submit this Memorandum of Law in Support of their Motion to Dismiss the First and Third Causes of Action ("Counts I and III") of Plaintiff Lianne Liebowitz's ("Plaintiff") Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12 (b)(6). The Complaint, and documents incorporated into it, demonstrate that Plaintiff's separation from employment did not occur until after the expiration of her leave under the Family and Medical Leave Act ("FMLA") and Connecticut Family and Medical Leave Act ("CT FMLA"). She thus received her full leave entitlement under both laws. The claims are also duplicative of Plaintiff's Second and Fourth Causes of Action ("Count II and IV") which allege retaliation under FMLA and CT FMLA. As such, Plaintiff's claims of FMLA and CT FMLA interference are subject to dismissal, as a matter of law.

## PLAINTIFF'S ALLEGATIONS[1]

Colliers is a professional services and investment management company serving various sectors across the real estate industry. Dkt. 1, Compl. ¶ 35. In April 2021, Colliers hired Plaintiff as a Senior Marketing Manager in its Occupier Services division. *Id.* ¶ 36. Plaintiff's job duties included, among others, planning, developing, and implementing marketing initiatives for Occupier Services. *Id*. ¶ 37.

In September 2025, Plaintiff initiated a request for 12 weeks of FMLA leave. *Id*. ¶¶ 44, 47. The medical certification form that Plaintiff submitted in support of her request for medical leave stated that she was "unable to work in any capacity." *Id*. ¶ 47, 63; Compl. Ex. A. Colliers approved Plaintiff's request for 12 weeks of medical leave under the FMLA and CT FMLA, through on or around D, 2025.[2] Compl. ¶¶ 45-46, 101; Compl. Ex. A.

In October 2025, during Plaintiff's leave, Colliers learned that Plaintiff was engaged in online marketing activities for her own social media brand, Diaper Dynasty. *Id*. ¶¶ 54, 57-59; Compl. Ex. A. On October 23, 2025, Colliers sent Plaintiff a letter asking to speak with her regarding these activities, which, Colliers asserted, were "inconsistent with [Plaintiff's] medical certification . . . indicat[ing] that [Plaintiff] was unable to work in any capacity." Compl. ¶¶ 58-59; Compl. Ex. A. Through counsel, Plaintiff responded, denying any inconsistency. Compl. ¶ 91.

On November 10, 2025, Colliers sent Plaintiff, through her counsel, another letter which stated, in relevant part: "We remain open to discussing this matter, but we will not ignore the clear evidence of FMLA fraud. Unless you can provide credible evidence that [Plaintiff's] activities

---

[1] For purposes of this Motion, Defendants assume the non-conclusory factual allegations in the Complaint are true. In doing so, Defendants do not agree that the allegations are indeed true, and expressly reserve the right to further respond to these allegations.

[2] Plaintiff's September 2025 leave approval letter reflects that Plaintiff's FMLA and CT FMLA leave was approved through November 28, 2025. Compl. Ex. A. However, Colliers will accept Plaintiff's allegation that she was scheduled to return to work on or around December 3, 2025 solely for purposes of this motion.

were not part of a business endeavor and did not violate the terms of her leave and Company policy, she will not be reinstated." Compl. ¶¶ 94-96; Exhibit 1 – Colliers' November 10, 2025 Letter to Plaintiff.

On December 8, 2025 – after Plaintiff's leave had expired effective December 2, 2025 – Colliers again wrote to Plaintiff, through her counsel, stating: "we would like to provide [Plaintiff] with an additional opportunity to confirm whether she intends to submit any further information in response to the November 10 letter. Compl. ¶¶ 97; Exhibit 2 – Colliers' December 8, 2025 Letter to Plaintiff. If she is able to do so in a satisfactory manner, she will be able to continue her employment. If we do not receive confirmation by December 10, 2025 that she intends to provide additional information, we will proceed with updating our records to reflect Ms. Liebowitz's last day of employment with Colliers as December 3, 2025." Compl. ¶¶ 97; Ex. 2.

## ARGUMENT

### I.    LEGAL STANDARD

When analyzing a motion to dismiss, a court accepts as true all well-pled factual allegations in the operative complaint and draws inferences in the light most favorable to the plaintiff. *Blake v. Recovery Network of Programs, Inc.*, 655 F. Supp. 3d 39, 44 (D. Conn. 2023) (citing *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013)). A complaint, however, still must comply with the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is to say, a complaint may survive a motion to dismiss only if it "'states a plausible claim for relief.'" *Blake*, 655 F. Supp. 3d at 44 (citing *Iqbal*, 556 U.S. at 679). "'[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Dighello v. Thurston Foods, Inc.*, 307 F. Supp. 3d 5, 12 (D. Conn. 2018) (quoting *Iqbal*, 556 U.S. at 678). A complaint must plead "factual allegations plausibly suggesting (not merely consistent with) an entitlement to

3

relief." *Clarke v. Govt' Empls. Ins. Co.*, No. 24-3181, 2026 U.S. App LEXIS 72, at \*11 (2d Cir. Jan. 5, 2026) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2009)).

In evaluating the plausibility of pleadings, courts consider "the facts asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.,* 483 F.3d 184, 191 (2d Cir. 2007). A document is fairly incorporated into the complaint if it is central to the plaintiff's claim and its authenticity is not disputed. *See Chambers v. Time Warner*, 282 F.3d 147, 152 (2d Cir. 2002) ("where plaintiff has actual notice of the all the information in the movant's papers and has relied upon these documents in framing the complaint") (quoting *Int'l Audiotext Network v. American Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). Colliers' November 10, 2025 and December 8, 2025 letters to Plaintiff are fairly incorporated into her Complaint because they are central to her claims and their authenticity is not disputed. Compl. ¶¶ 94, 97. The Court may therefore consider them in evaluating Defendants' Motion to Dismiss.

## II.    PLAINTIFF'S FMLA AND CT FMLA INTERFERENCE CLAIMS FAIL

"To succeed on a claim of FMLA interference, a plaintiff must establish that the defendant denied or otherwise interfered with a benefit to which she was entitled under the FMLA." *See* 29 U.S.C. § 2615(a)(1); *see also Graziadio v. Culinary Inst. of America*, 817 F.3d 415, 424 (2d Cir. 2016) (articulating the statutory basis and legal standard for an FMLA interference claim).[3] To state a claim for FMLA or CT FMLA interference, Plaintiff must plausibly allege facts demonstrating that: (1) she is an eligible employee under the FMLA or CT FMLA; (2) Colliers is an employer as defined by the FMLA or CT FMLA; (3) she was entitled to take leave under the

---

[3] The CT FMLA is Connecticut's state analogue to the federal FMLA. FMLA jurisprudence guides this Court's analysis of both the FMLA and CT FMLA claims. *See Cendant Corp v. Commissioner of Labor*, 883 A.2d 789, 794 (Conn. 2005).

4

FMLA or CT FMLA; (4) she gave notice to Colliers of her intention to take leave; and (5) she was denied benefits to which she was entitled under the FMLA or CT FMLA. *See Graziadio*, 817 F.3d at 424. An employee who receives all the statutory leave to which she is entitled has not experienced denial of benefits as a matter of law—*even if* the employer terminates the employee upon expiration of the leave. *Greenberg v. State Univ. Hosp. – Downstate Med. Ctr.*, 838 Fed. Appx. 603, 606 (2d Cir. 2020) (dismissing plaintiff's FMLA interference claim because he was granted the full amount of time he requested); *see also Fu v. Consol. Edison Co. of N.Y., Inc.*, 855 Fed. Appx. 787, 791 (2d Cir. 2021) (affirming dismissal of FMLA interference claim because plaintiff was not denied FMLA leave). An employee subject to termination after expiration of her leave benefits may have a retaliation claim, but that is a distinct cause of action. *Thomsen v. Stantec, Inc.*, 483 Fed. Appx. 620, 622 (2d Cir. 2012) (holding that plaintiff failed to show that defendant refused to authorize FMLA leave or discouraged him from using such leave because defendant granted his leave request); *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004) (observing that plaintiff's FMLA claim, which alleged he had been terminated for taking FMLA leave, "involve[d] retaliation rather than interference").

Here, Plaintiff's interference claims in Counts I and III fail to satisfy the fifth element of the analysis because Colliers approved Plaintiff's request for leave, and Plaintiff received all leave benefits to which she was legally entitled. The interference claims fail for the additional reason that they are duplicative of the retaliation claims.

A.      **Plaintiff Received All Leave Benefits to Which She Was Entitled.**

As the Complaint acknowledges, Colliers approved Plaintiff's request for 12 weeks of FMLA and CT FMLA leave, and set December 3, 2025 as her return-to-work date after expiration of her full 12 weeks of leave. Compl. ¶¶ 44-46. The correspondence attached to and fairly

incorporated into the Complaint proves that Plaintiff's termination did not occur until December 3, 2025—after expiration of her leave. *See* Compl. Ex. A; Exhibits 1-2. Thus, because Plaintiff received all the leave she requested and to which she was legally entitled, she cannot state a claim for FMLA interference. *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81 (2002) (affirming dismissal of FMLA interference claim where defendant had complied with the FMLA by granting plaintiff the amount of leave required by the FMLA); *Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 166 (2d Cir. 2017) (stating "an employee brings an 'interference' claim when her employer has prevented or otherwise impeded the employee's ability to exercise rights under the FMLA.") (citing *Graziadio*, 817 F.3d at 424)); *Scalpen v. United Servs.*, No. WWCV186014673S, 2020 Conn. Super. LEXIS 195, at *11-12 (Conn. Super. Ct. Jan. 29, 2020) (dismissing CT FMLA interference claim where plaintiff did not allege she was denied leave).

> **B.      Colliers Did Not "Discourage" Plaintiff from Taking FMLA or CT FMLA Leave.**

While the Complaint does not allege that Colliers "discouraged" Plaintiff from taking FMLA leave, such a claim would fail because Colliers did no such thing. Plaintiff received approval for, and took, all of the leave she requested and to which she was legally entitled.

A plaintiff asserting FMLA interference on a "discouragement" theory must plausibly demonstrate that she experienced acts of discouragement that would have dissuaded a similarly situated employee of ordinary resolve from attempting to exercise her FMLA rights, and that she was "prejudiced by the violation." *Ziccarelli v. NYU Hosps. Ctr.*, No. 15-CV-9307 (JGK), 2021 WL 797668, at *4 (S.D.N.Y. Feb. 27, 2021) (citing *Ragsdale*, 535 U.S. at 89). In making this showing, Plaintiff must specifically show that the alleged interference prevented her from using FMLA or CT FMLA benefits. *Id.* (citing *Stuart v. T-Mobile USA, Inc.*, No. 14-CV-4252 JMF, 2015 WL 4760184, at *4 (S.D.N.Y. Aug. 12, 2015)). She cannot do so here.

As the Complaint reflects, Colliers did not engage in any act to discourage Plaintiff from taking leave in the first instance. Colliers approved – and Plaintiff took – her complete 12 weeks of statutory leave, without interruption. Compl. ¶¶ 44-46; Exhibits 1-2. *See Stuart v. T-Mobile USA, Inc.*, No. 14-CV-4252 JMF, 2015 WL 4760184, at *4 (S.D.N.Y. Aug. 12, 2015) (rejecting interference claim on "discouragement" theory because, while plaintiff asserted that she felt pressured to come back from leave early, she received the full 12 weeks of leave, and "she conspicuously fail[ed] to identify a single instance in which she delayed or cut short her leave as a result of Defendant's actions."); *see also Khan v. Elrac, LLC*, No. 3:23-cv-0003 (KAD), 2024 U.S. Dist. LEXIS 57570, at *16 (D. Conn. Mar. 29, 2024) (dismissing plaintiff's FMLA interference claim because the complaint did not plead denial or discouragement of leave). Plaintiff's interference claims thus fail.

### C.    The Interference Claims Are Duplicative of the Retaliation Claims.

Counts I and III are further subject to dismissal because they are duplicative of the FMLA and CT FMLA retaliation claims in Counts II and IV.

Plaintiff's interference claims are expressly based on allegations that Colliers sent her a "retaliatory letter" on October 23, 2025, and later terminated her employment. *See* Compl. ¶¶ 102, 116. These same allegations form the basis of Plaintiff's retaliation claims. *See* Compl. ¶¶ 57, 60, 109, 123. The Second Circuit, and other courts in this Circuit, dismiss FMLA interference claims where, as here, they are retaliation claims in disguise. *See Woolf v. Strada*, 792 Fed. Appx. 143, 146 (2d Cir. 2020) (dismissing FMLA interference premised on same grounds as retaliation claim); *Blake*, 655 F. Supp. 3d 39, 48 (dismissing plaintiff's FMLA interference claim because it was a claim of retaliation in disguise) (citation omitted); *Khan*, 2024 U.S. Dist. LEXIS 57570 at *16 (dismissing FMLA interference claim because it was premised on her termination, which was

duplication of plaintiff's retaliation claim); *see also Ridgeway v. Royal Bank of Scot. Group*, No. 3:11-cv-976, 2023 U.S. Dist. LEXIS 41995, at *31 (D. Conn. Mar. 26, 2012) (dismissing interference claim for failure to reinstate because it asserted a claim of retaliation rather than interference).

As the Second Circuit explained in *Woods*, "[t]he two types of claims serve as *ex ante* and *ex post* protections for employees who seek to avail themselves of rights granted by the FMLA." 864 F.3d at 166. "[A]n 'interference' claim protects against the employer's preventing or otherwise impeding the employee's ability to exercise rights under the FMLA, and a retaliation claim protect[s] against the employer's taking some adverse employment action after the employee actually exercises her rights or opposes perceived unlawful conduct under the FMLA." *Drepaul v. Wells Fargo Bank N.A.*, No. 3:23-cv-00123-MPS, 2024 U.S. Dist. LEXIS 5851, at *24 (D. Conn. Jan. 11, 2024) (dismissing plaintiff's FMLA interference claim because it was not independent of her retaliation claim). Plaintiff's interference claims are mere duplicates of her retaliation claims, and therefore, should be dismissed.

## III.    CONCLUSION

For all of the foregoing reasons, the Court should dismiss Counts I and III of the Complaint in their entirety, as a matter of law.

Dated: June 9, 2026

Respectfully submitted,

COLLIERS INTERNATIONAL USA, LLC,
and KRISTIN LEWIS,


*/s/ Anthony S. Califano*
Anthony S. Califano (ct27323)
acalifano@seyfarth.com
Seyfarth Shaw LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Telecopier:    (617) 946-4801


## CERTIFICATE OF SERVICE

I, Anthony S. Califano, hereby certify that on June 9, 2026, I caused a true and accurate copy of the foregoing document to be filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.


*/s/ Anthony S. Califano*
Anthony S. Califano

9